UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO: 21-CV-00829-MRM

GEICO MARINE INSURANCE COMPANY,

    Plaintiff,

v.

AMZIM MARINE SERVICES, LLC,

    Defendant.           /

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, AMZIM MARINE SERVICES, LLC ("AMZIM" of "Defendant") responds to the Complaint and presents its Affirmative Defenses.

## ANSWER

1. Admitted the court has jurisdiction.
2. Without knowledge, therefore denied.
3. Admitted.
4. Admitted.

## GENERAL ALLEGATIONS

5. Without knowledge, therefore denied.
6. Without knowledge, therefore denied.
7. Admitted that Defendant performed limited repair work to vessel.
8. Denied.
9. Without knowledge, therefore denied.

## COUNT I

## NEGLIGENCE

10. Responses to allegations numbered 1 through 9 are reasserted.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

11. Admitted that Defendant performed limited repair work to vessel.

12. Admitted only that the Defendant performed repairs, denied that repairs caused any damage to the vessel.

13. Denied.

14. Denied.

15. Denied.

## AFFIRMATIVE DEFENSES

For its First Affirmative Defense, AMZIM states Plaintiff fails to state a cause of action.

For its Second Affirmative Defense, AMZIM states it fully and properly performed all of its obligations under the terms between the Parties.

For its Third Affirmative Defense, AMZIM states the damages sought were caused by Plaintiff.

For its Fourth Affirmative Defense, AMZIM states Plaintiff is overreaching in damages sought and seeks a windfall.

For its Fifth Affirmative Defense, AMZIM states all claims are governed by the substantive general maritime law of the United States.

For its Sixth Affirmative Defense, AMZIM states Plaintiff's alleged damages were caused either in whole or in part by Plaintiff's own acts of negligence, and without admitting liability, any award, should be barred or reduced by the principles of comparative fault.

2

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

For its Seventh Affirmative Defense, AMZIM states Plaintiff's alleged damages were proximally caused by persons and/or entities not connected with AMZIM and/or unknown to AMZIM and for whom AMZIM bears no responsibility.

For its Eighth Affirmative Defense, AMZIM states they took no actions on its part, which were the proximate cause of any alleged damages to Plaintiff.

For its Ninth Affirmative Defense, AMZIM states they duly satisfied and discharged all duties and obligations owed to Plaintiff arising out of any agreements, representations, or contracts made by or on behalf of AMZIM

For its Tenth Affirmative Defense, AMZIM states that Plaintiff's damages are attributable in whole, or in part, to wear and tear, gradual deterioration, lack of maintenance, and unrepaired damages, none of which can be attributed to AMZIM.

For its Eleventh Affirmative Defense, AMZIM states Plaintiff failed to mitigate its alleged losses.

For its Twelfth Affirmative Defense, AMZIM states that Plaintiff's recovery is limited to the reasonable cost of repair of the alleged damage equipment or its reasonable value for the vessel's useful life. Plaintiff cannot get new for old and are limited to reasonable cost of repairs or reasonable market value at the time of loss.

For its Thirteenth Affirmative Defense, AMZIM states to the extent *Fabre v. Martin*, 623 So.2d 1182 (Fla. 1993) applies, any damages awarded to Plaintiff are subject to apportionment based on the total fault of all participants, whether known or unknown.

CASE NO: 21-CV-60791-WPD

Besides the foregoing affirmative defenses, AMZIM reserves its right to raise additional affirmative defenses, or to file any additional applicable pleadings as discovery may reveal necessary or appropriate.

**WHEREFORE**, AMZIM requests Plaintiff's action be dismissed with prejudice.

Respectfully submitted,

*/s/ Jonathan H. Dunleavy*
Jonathan H. Dunleavy, Esq. FBN 459666

*/s/ Jerry D. Hamilton*
Jerry D. Hamilton, Esq., FBN 970700

HAMILTON, MILLER & BIRTHISEL, LLP.
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone 305-379-3686
Facsimile 305-379-3690
jdunleavy@hamiltonmillerlaw.com
*Attorneys for Defendant AMZIM*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 20, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/ Jonathan H. Dunleavy*
Jonathan H. Dunleavy, Esq.

*/s/ Jerry D. Hamilton*
Jerry D. Hamilton, Esq.

CASE NO: 21-CV-60791-WPD

## SERVICE LIST

*Attorneys for Plaintiff*

Spector Rubin, P.A.
Robert M. Borak
Continental Plaza
3250 Mary street, Suite 405
Miami, FL 33133
Tel: 305.537.2000
Fax: 305.537.2001
Robert.borak@spectorrubin.com

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690